UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| KATHRYN SNEED and SNEED, | § | |
| EQUESTRIAN ESTATES, LLC, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:23-cv-00871-ALM |
| | § | |
| JEFFREY GIBBS, CALLI ROUSE, | § | |
| GIBBS SHOW HORSES, CALLI ROUSE | § | |
| SHOW HORSES, BLACK BIRD RANCH, | § | |
| THE BONAPARTE FAMILY LIVING | § | |
| TRUST, FRANK BONAPARTE, | § | |
| PATRICIA BONAPARTE, JUSTIN | § | |
| SCHMIDT, and JEANNIE SCHMIDT, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANT THE BLACK BIRD RANCH'S MOTION
## TO DISMISS FOR FAILURE TO STATE A CLAIM

Defendant, Black Bird Ranch ("Ranch"), files this Motion to Dismiss for Failure to State a Claim ("Motion"), and respectfully requests that the Court dismiss the claims and causes of action asserted against it through Plaintiffs', Kathryn Sneed and Sneed Equestrian Estates, LLC ("Plaintiffs"), Original Complaint ("Complaint") in accordance with Federal Rule of Civil Procedure 12(b)(6).

## I.
## SUMMARY OF THE MOTION

1.     The Court should grant this Motion to dismiss because Black Bird Ranch is not an individual or incorporated entity under the laws of any jurisdiction within the United Statas of America. Rather, the Ranch is owned and operated by The Bonaparte Family Living Trust ("Trust") under an assumed and/or fictitious name in connection with its business of leasing stall barns on their property located at 8317 FM 455, Pilot Point, Texas, 76258 ("Property"). While

Texas law allows for a party to bring suit against an entity doing business under an assumed name, the Ranch is a sole proprietorship of the Trust and it is therefore indistinguishable from the same. As such, the Ranch lacks the procedural capacity to sue or be sued as the Trust also lacks the same capacity under Texas Law.

## II.
## INTRODUCTION

2.      On September 29, 2023, Plaintiffs sued the Ranch, Trust, Patricia Bonaparte ("Patricia"), and Frank Bonaparte ("Frank") (collectively "Defendants") asserting claims and causes of action for negligence arising from damages allegedly sustained to Plaintiffs' five horses, Bank of the Best, PartyLikeYouMeanIt, Avante Garde, Mighty Hot Gal, and A Sudden Wonder (collectively, "the Horses"), while they were stabled in the stable barn facilities located on the Trust's Property.

3.      In their Complaint, Plaintiffs did not state a claim upon which relief can be granted. Specifically, as alleged in paragraph 12 of Plaintiffs' Complaint, the Ranch is an equestrian facility located in Denton County, Texas. However, as further discussed herein, the Ranch is not an individual or an entity incorporated under the laws of any jurisdiction in the United States of America. Rather, the Trust owns the Property on which it conducts business, through its co-trustees Frank and Patricia Bonaparte, under its assumed and/or fictitious name Black Bird Ranch. As further discussed herein, while an entity may sue or be sued under an assumed and/or fictitious name under Texas law, the Ranch lacks procedural capacity to be sued under its assumed and/or fictitious name because its capacity is indistinguishable from and determined by the Trust's capacity. As such, the Court should dismiss the claims Plaintiffs have asserted against the Ranch.

### III.
### ARGUMENT AND AUTHORITIES

4.      In accordance with Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court may dismiss an action for failure to state a claim on which relief can be granted. However, in evaluating such motions, a court must accept well-pleaded facts as true and construe the facts in a light most favorable to the plaintiff. *Roth v. City of Pineville*, No. 1:11-cv-02061, 2012 U.S. Dist. LEXIS 63358, at *2 (W.D. La. 2012) (citing *Arias-Benn v. State Farm Fire & Cas. Ins. Co.*, 495 F.3d 228, 230 (5th Cir. 2007)). To defeat a motion to dismiss for failure to state a claim on which relief can be granted, the plaintiff's allegations must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp 235-236 (3d ed. 2004)).

5.      While there is no section of Rule 12(b) that expressly allows dismissal based on the lack of capacity to be sued, a motion to dismiss under Rule 12(b)(6) is the proper procedural method of challenging a defendant's capacity to be sued. *See Lancaster v. Healthtrust Workforce Sols., LLC*, No. 4:20-CV-01957, 2022 U.S. Dist. LEXIS 108196, at *2 (S.D. Tex. 2022); *Roth*, 2012 U.S. Dist. LEXIS 63358, 2012 WL 1596689, at *1.

6.       Additionally, the issue of whether a party has capacity to sue or be sued is determined by the law of the state in which the party is domiciled, incorporated, or by the law in which the court is located. Fed. R. Civ. P. 17(b). As such, Texas law will apply in determining whether the Ranch has capacity to sue or be sued because it is located in Texas and wholly owned by the Trust.

7.      The Ranch is wholly owned by the Trust, and the Ranch is operated by the trustees of the Trust as a sole proprietorship. A sole proprietorship is a "business in which one person owns all the assets, owes all the liabilities, and operates in his or her personal capacity." *CU Lloyd's v.*

*Hatfield*, 126 S.W.3d 679, 684 (Tex. App.—Houston [14th Dist.] 2004, pet. denied). As previously discussed, the Ranch constitutes a sole proprietorship because it is wholly owned and operated under the Trust and, therefore, it has "no separate legal existence apart from the sole proprietorship." *CA Partners v. Spears*, 274 S.W.3d 51, 70 (Tex. App.—Houston [14th Dist.] 2008, pet. denied). As such, the Ranch "is not a separate legal entity or even a different capacity of the individual sole proprietor" *Horie v. Law Offices of Art Dula*, 560 S.W.3d 425, 434 (Tex. App.—Houston [14th Dist.] 2018, no pet.). Therefore, the

7.      In Texas, "[t]he term 'trust' refers not to a separate legal entity but rather to the fiduciary relationship governing the trustee with respect to the trust property." *Huie v. DeShazo*, 922 S.W.2d 920, 926 (Tex. 1996). As such, "[t]he general rule in Texas (and elsewhere) has long been that suits against a trust must be brought against its legal representative, the trustee." *Ray Malooly Tr. v. Juhl*, 186 S.W.3d 568, 570 (Tex. 2006) (citing *Werner v. Colwell*, 909 S.W.2d 866, 870, 38 Tex. Sup. Ct. J. 1113 (Tex. 1995); *Smith v. Wayman*, 148 Tex. 318, 224 S.W.2d 211, 218 (Tex. 1949); *Slay v. Burnett Trust*, 143 Tex. 621, 187 S.W.2d 377, 382 (1945).

8.      In their Complaint, Plaintiffs asserted claims and causes of action against the Ranch under its assumed and/or fictitious name. Thus, Plaintiffs' claims against the Ranch are more accurately characterized as claims being asserted against The Bonaparte Family Living Trust d/b/a Black Bird Ranch. However, because a sole proprietorship's capacity to sue or be sued is indistinguishable from the capacity of its individual sole proprietor, the Ranch could only be sued under its assumed and/or fictitious name if the Trust had the procedural capacity to sue or be sued itself.

9.      Despite naming the Ranch under its assumed and/or fictitious name, Plaintiffs' claims against the Ranch fail because the Trust lacks procedural capacity to be sued under Texas Law. Rather, Texas law dictates that any claims being pursued against a trust must be brought

against the trust's legal representative(s). Therefore, because claims may not be asserted against the Trust directly, the Ranch lacks procedural capacity to sue or be sued under Texas law as the Trust itself lacks that same capacity. Thus, even taking the facts alleged as true, the Court should grant this Motion as Plaintiffs failed to state a claim on which relief can be granted.

## IV.
## PRAYER

For these reasons, Defendant Black Bird Ranch respectfully requests that the Court grant this Motion, and enter an order dismissing all claims and causes of action that Plaintiffs, Kathryn Sneed and Sneed Equestrian Estates, LLC, have asserted against the Ranch on the basis that Plaintiffs failed to state a claim on which relief can be granted.

Respectfully submitted,

**GLAST, PHILLIPS & MURRAY, P.C**.

By:     /s/ James C. Erdle, Jr.
        James C. Erdle, Jr.
        State Bar No. 24069680

Glast, Phillips & Murray, P.C.
14801 Quorum Drive, Suite 500
Dallas, TX 75254-1449
972.419.8300
972.419.8329 facsimile
jerdle@gpm-law.com

ATTORNEY IN CHARGE FOR
DEFENDANT BLACK BIRD RANCH

Of Counsel:
Joseph D. Zopolsky
State Bar No. 24033500
Glast, Phillips & Murray, P.C.
14801 Quorum Drive, Suite 500
Dallas, TX 75254-1449
972.419.8300
972.419.8329 facsimile
jzopolsky@gpm-law.com

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document was served upon all counsel of record in the above-captioned cause, pursuant to FED. R. CIV. P. 5(b)(2)(E) on November 20, 2023 by:

Hand Delivery:              _____
Electronic Service/Email:        XX_____
Fax Transmittal:              _____

        /s/ James C. Erdle, Jr.
        James C. Erdle, Jr.