UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| KATHRYN SNEED and SNEED, EQUESTRIAN ESTATES, LLC, § § § § Plaintiffs, § § v. § § JEFFREY GIBBS, CALLI ROUSE, § GIBBS SHOW HORSES, CALLI ROUSE § SHOW HORSES, BLACK BIRD RANCH, § THE BONAPARTE FAMILY LIVING § TRUST, FRANK BONAPARTE, § PATRICIA BONAPARTE, JUSTIN § SCHMIDT, and JEANNIE SCHMIDT, § § Defendants. § | CIVIL ACTION NO. 4:23-cv-00871-ALM |

**DEFENDANT THE BONAPARTE FAMILY LIVING TRUST'S
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Defendant, The Bonaparte Family Living Trust ("Trust"), files this Motion to Dismiss for Failure to State a Claim ("Motion"), and respectfully requests that the Court dismiss Plaintiffs', Kathryn Sneed and Sneed Equestrian Estates, LLC ("Plaintiffs"), Original Complaint ("Complaint") for failure to state a claim upon which relief can be granted in accordance with Federal Rule of Civil Procedure 12(b)(6).

**I.
SUMMARY OF THE MOTION**

1. The Court should grant this Motion to dismiss because the Trust is not an individual or incorporated entity, and therefore lacks procedural capacity to sue or be sued under Texas law. As such, the Court should dismiss all of the claims that Plaintiffs have asserted against the Trust.

## II.
## INTRODUCTION

2.      On September 29, 2023, Plaintiffs sued the Trust asserting claims and causes of action for negligence arising from damages allegedly sustained to Plaintiffs' five horses, Bank of the Best, PartyLikeYouMeanIt, Avante Garde, Mighty Hot Gal, and A Sudden Wonder (collectively, "the Horses"), while they were stabled at Black Bird Ranch, which is a facility owned by the Trust.

3.      In their Complaint, Plaintiffs did not state a claim upon which relief can be granted. Specifically, as alleged in paragraph 13 of Plaintiffs' Complaint, the Trust is an entity located in the State of Texas. However, as further discussed herein, the Trust lacks procedural capacity to sue or be sued under the laws of the State of Texas because it is not an individual nor an incorporated entity. Therefore, the Court should dismiss the claims Plaintiffs have asserted against the Trust.

## III.
## ARGUMENT AND AUTHORITIES

4.      In accordance with Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court may dismiss an action for failure to state a claim on which relief can be granted. However, in evaluating such motions, a court must accept well-pleaded facts as true and construe the facts in a light most favorable to the plaintiff. *Roth v. City of Pineville*, No. 1:11-cv-02061, 2012 U.S. Dist. LEXIS 63358, at *2 (W.D. La. 2012) (citing *Arias-Benn v. State Farm Fire & Cas. Ins. Co.*, 495 F.3d 228, 230 (5th Cir. 2007)). To defeat a motion to dismiss for failure to state a claim on which relief can be granted, the plaintiff's allegations must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp 235-236 (3d ed. 2004)).

5. While there is no section of Rule 12(b) that expressly allows dismissal based on the lack of capacity to be sued, a motion to dismiss under Rule 12(b)(6) is the proper procedural method of challenging a defendant's capacity to be sued. *See Lancaster v. Healthtrust Workforce Sols., LLC*, No. 4:20-CV-01957, 2022 U.S. Dist. LEXIS 108196, at *2 (S.D. Tex. 2022); *Roth*, 2012 U.S. Dist. LEXIS 63358, 2012 WL 1596689, at *1.

6. Additionally, the issue of whether a party has capacity to sue or be sued is determined by the law of the state in which the party is domiciled, incorporated, or by the law in which the court is located. Fed. R. Civ. P. 17(b). As previously discussed, the Trust is an unincorporated entity located in Texas. As such, Texas law will apply in determining whether the Trust has capacity to sue or be sued.

7. In Texas, "[t]he term 'trust' refers not to a separate legal entity but rather to the fiduciary relationship governing the trustee with respect to the trust property." *Huie v. DeShazo*, 922 S.W.2d 920, 926 (Tex. 1996). As such, "[t]he general rule in Texas (and elsewhere) has long been that suits against a trust must be brought against its legal representative, the trustee." *Ray Malooly Tr. v. Juhl*, 186 S.W.3d 568, 570 (Tex. 2006) (citing *Werner v. Colwell*, 909 S.W.2d 866, 870, 38 Tex. Sup. Ct. J. 1113 (Tex. 1995); *Smith v. Wayman*, 148 Tex. 318, 224 S.W.2d 211, 218 (Tex. 1949); *Slay v. Burnett Trust*, 143 Tex. 621, 187 S.W.2d 377, 382 (1945).

8. In their Complaint, Plaintiffs asserted claims and causes of action against the Trust, and not against the Trust's legal representative. As such, by asserting claims against the Trust itself, Plaintiffs' claims fail as the Trust lacks procedural capacity to be sued under Texas Law. Therefore, even taking the facts alleged as true, the Court should grant this Motion as Plaintiffs failed to state a claim on which relief can be granted.

# IV.
# PRAYER

For these reasons, Defendant The Bonaparte Family Living Trust respectfully requests that the Court grant this Motion, and enter an order dismissing all claims and causes of action that Plaintiffs have asserted against the Trust on the basis that Plaintiffs failed to state a claim on which relief can be granted.

Respectfully submitted,

**GLAST, PHILLIPS & MURRAY, P.C**.

By:   /s/ James C. Erdle, Jr.
      James C. Erdle, Jr.
      State Bar No. 24069680

Glast, Phillips & Murray, P.C.
14801 Quorum Drive, Suite 500
Dallas, TX 75254-1449
972.419.8300
972.419.8329 facsimile
jerdle@gpm-law.com

ATTORNEY IN CHARGE FOR
DEFENDANT THE BONAPARTE
FAMILY LIVING TRUST

Of Counsel:
Joseph D. Zopolsky
State Bar No. 24033500
Glast, Phillips & Murray, P.C.
14801 Quorum Drive, Suite 500
Dallas, TX 75254-1449
972.419.8300
972.419.8329 facsimile
jzopolsky@gpm-law.com

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document was served upon all counsel of record in the above-captioned cause, pursuant to FED. R. CIV. P. 5(b)(2)(E) on November 20, 2023 by:

Hand Delivery:     _____
Electronic Service/Email:     XX
Fax Transmittal:     _____

      /s/ James C. Erdle, Jr.
      James C. Erdle, Jr.