UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| KATHRYN SNEED and SNEED, EQUESTRIAN ESTATES, LLC, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 4:23-cv-00871-ALM |
| JEFFREY GIBBS, CALLI ROUSE, GIBBS SHOW HORSES, CALLI ROUSE SHOW HORSES, BLACK BIRD RANCH, THE BONAPARTE FAMILY LIVING TRUST, FRANK BONAPARTE, PATRICIA BONAPARTE, JUSTIN SCHMIDT, and JEANNIE SCHMIDT, | § § § § § § § § § | |
| Defendants. | § | |

**DEFENDANT FRANK BONAPARTE'S ORIGINAL ANSWER**

Defendant, Frank Bonaparte ("Defendant"), files this Original Answer to Plaintiffs', Kathryn Sneed and Sneed Equestrian Estates, LLC (collectively "Plaintiffs"), Original Complaint ("Complaint").

**A.
ADMISSIONS & DENIALS**

**I. NATURE OF THE CASE**

1. Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 1 of Plaintiffs' Complaint.

2. Defendant admits that Plaintiffs filed their Complaint seeking damages in connection with their five horses, but denies the remaining allegations in paragraph 2 of Plaintiffs' Complaint.

3. Defendant admits that Plaintiffs' horses were periodically stabled on the property owned by The Bonaparte Family Living Trust from December 15, 2022 through August 2023, and that Plaintiffs' horse, Ava, was euthanized. Otherwise, Defendant denies the remaining allegations asserted in paragraph 3 of Plaintiffs' Complaint.

## II. JURISDICTION & VENUE

4. Defendant admits the allegations asserted in paragraph 4 of Plaintiffs' Complaint.

5. Defendant admits the allegations asserted in paragraph 5 of Plaintiffs' Complaint.

## III. PARTIES

6. Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 6 of Plaintiffs' Complaint.

7. Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 7 of Plaintiffs' Complaint.

8. Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 8 of Plaintiffs' Complaint.

9. Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 9 of Plaintiffs' Complaint.

10. Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 10 of Plaintiffs' Complaint.

11. Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 11 of Plaintiffs' Complaint.

12. Defendant admits that Black Bird Ranch is an equestrian facility that the trustees of The Bonaparte Family Living Trust operate under a fictitious and/or assumed name in Denton County, Texas, as alleged in paragraph 12 of Plaintiffs' Complaint. Plaintiffs sued Black Bird Ranch in the wrong capacity because Black Bird Ranch does not have the capacity to be sued as

Black Bird Ranch is not an individual or an entity incorporated under the laws of any jurisdiction in the United States of America.

13. Plaintiffs sued The Bonaparte Family Living Trust in the wrong capacity because The Bonaparte Family Living Trust does not have the capacity to sue or be sued under Texas law. As such, Defendant denies the allegations in paragraph 13 of Plaintiffs' Complaint.

14. Defendant admits the allegations asserted in paragraph 14 of Plaintiffs' Complaint.

15. Defendant admits the allegations asserted in paragraph 15 of Plaintiffs' Complaint.

16. Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 16 of Plaintiffs' Complaint.

17. Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 17 of Plaintiffs' Complaint.

## IV. FACTS

18. Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 18 of Plaintiffs' Complaint.

19. Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 19 of Plaintiffs' Complaint.

20. Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 20 of Plaintiffs' Complaint.

21. To the extent that paragraph 21 of Plaintiffs' Complaint contains conclusions of law and not statements of fact, no response is required. Otherwise, Defendant denies the allegations in paragraph 21 of Plaintiffs' Complaint.

22. Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 22 of Plaintiffs' Complaint.

23. Defendant admits that Defendants Jeffrey Gibbs and Calli Rouse (collectively "Gibbs Defendants") transported twenty-two (22) horses to the facility, named the Black Bird Ranch ("Ranch"), on December 15, 2022. Defendant also admits that the Ranch is owned by The Bonaparte Family Living Trust ("Trust"), and that Defendant and Patricia Bonaparte operate the Ranch as co-trustees, settlors, and beneficiaries of the Trust. Otherwise, Defendant denies the remaining allegations in paragraph 23 of Plaintiffs' Complaint.

24. To the extent that paragraph 24 of Plaintiffs' Complaint contains conclusions of law and not statements of fact, no response is required. Otherwise, Defendant denies the allegations in paragraph 24 of Plaintiffs' Complaint.

25. Defendant denies the allegations in paragraph 25 of Plaintiffs' Complaint.

26. Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 26 of Plaintiffs' Complaint.

27. Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 27 of Plaintiffs' Complaint.

28. Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 28 of Plaintiffs' Complaint.

29. Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 29 of Plaintiffs' Complaint.

30. Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 30 of Plaintiffs' Complaint.

31. Defendant admits that Darrell Sneed and Frank Bonaparte exchanged text message and telephone correspondences regarding photographs and videos of Ava and Ava's stall, but otherwise denies the remaining allegations asserted in paragraph 31 of Plaintiffs' Complaint.

32. Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 32 of Plaintiffs' Complaint.

33. Defendant denies the allegations asserted in paragraph 33 of Plaintiffs' Complaint.

34. Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 34 of Plaintiffs' Complaint.

35. Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 35 of Plaintiffs' Complaint.

36. Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 36 of Plaintiffs' Complaint.

37. Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 37 of Plaintiffs' Complaint.

38. Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 38 of Plaintiffs' Complaint.

39. Defendant admits that, on and after December 15, 2022, the Gibbs Defendants stabled twenty-two (22) horses at the facility located on the Trust's property, and that the twenty-two (22) horses were in the Gibbs Defendants' care and training. Otherwise, Defendant denies the remaining allegations in paragraph 39 of Plaintiffs' Complaint.

## V. CAUSES OF ACTION

**Count 1: Breach of Contract (against Jeffrey Gibbs, Calli Rouse, Gibbs Show Horses, and Calli Rouse Show Horses)**

40. In response to Plaintiffs' preemptory paragraph under Count 1, Defendant re-alleges and incorporates by reference all answers and Affirmative Defenses to all prior allegations in Plaintiffs' Complaint as though specifically set forth herein.

41. Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 41 of Plaintiffs' Complaint.

42. Defendant lacks sufficient knowledge or information to form a belief about the truth of paragraph 42 of Plaintiffs' Complaint.

43. Defendant denies the allegations asserted in paragraph 43 of Plaintiffs' Complaint.

**Count 2: Negligence: Injury to Sneed's Horses (against all Defendants)**

44. In response to Plaintiffs' preemptory paragraph under Count 2, Defendant re-alleges and incorporates by reference all answers and Affirmative Defenses to all prior allegations in Plaintiffs' Complaint as though specifically set forth herein.

45. To the extent that paragraph 45 of Plaintiffs' Complaint contains conclusions of law and not statements of fact, no response is required. Otherwise, Defendant denies the allegations in paragraph 45 of Plaintiffs' Complaint.

46. To the extent that paragraph 46 of Plaintiffs' Complaint contains conclusions of law and not statements of fact, no response is required. Otherwise, Defendant denies the allegations in paragraph 46 of Plaintiffs' Complaint.

47. To the extent that paragraph 47 of Plaintiffs' Complaint contains conclusions of law and not statements of fact, no response is required. Otherwise, Defendant denies the allegations in paragraph 48 of Plaintiffs' Complaint.

48. To the extent that paragraph 48 of Plaintiffs' Complaint contains conclusions of law and not statements of fact, no response is required. Otherwise, Defendant denies the allegations in paragraph 48 of Plaintiffs' Complaint.

49. Defendant denies the allegations set forth in paragraph 49 of Plaintiffs' Complaint.

**Count 3: Gross Negligence: Animal Abuse and Injury to Sneed's Horses (against Jeffrey Gibbs, Calli Rouse, Gibbs Show Horses, and Calli Rouse Show Horses)**

50. In response to Plaintiffs' preemptory paragraph under Count 3, Defendant re-alleges and incorporates by reference all answers and Affirmative Defenses to all prior allegations in Plaintiffs' Complaint as though specifically set forth herein.

51. To the extent that paragraph 51 of Plaintiffs' Complaint contains conclusions of law and not statements of fact, no response is required. Otherwise, Defendant denies the allegations in paragraph 51 of Plaintiffs' Complaint.

52. To the extent that paragraph 52 of Plaintiffs' Complaint contains conclusions of law and not statements of fact, no response is required. Otherwise, Defendant denies the allegations in paragraph 52 of Plaintiffs' Complaint.

53. To the extent that paragraph 53 of Plaintiffs' Complaint contains conclusions of law and not statements of fact, no response is required. Otherwise, Defendant denies the allegations in paragraph 53 of Plaintiffs' Complaint.

54. To the extent that paragraph 54 of Plaintiffs' Complaint contains conclusions of law and not statements of fact, no response is required. Otherwise, Defendant denies the allegations in paragraph 54 of Plaintiffs' Complaint

55. Defendant denies the allegations set forth in paragraph 55 of Plaintiffs' Complaint.

## VI. DAMAGES

56. Defendant denies the allegations set forth in paragraph 56 *et seq.* of Plaintiffs' Complaint.

## VII. EXEMPLARY DAMAGES

57. To the extent that paragraph 57 of Plaintiffs' Complaint contains conclusions of law and not statements of fact, no response is required. Otherwise, Defendant denies the allegations in paragraph 57 of Plaintiffs' Complaint.

58. Defendant denies that any act or omission of Defendant, Black Bird Ranch, The Bonaparte Family Living Trust, and/or Patricia Bonaparte entitles Plaintiffs to punitive or exemplary damages under § 41.008 of the Texas Civil Practices and Remedies Code as alleged in paragraph 58 of Plaintiffs' Complaint.

## B.
## DEFENSES & AFFIRMATIVE DEFENSES

59. This action is subject to the proportionate responsibility provisions of Chapters 32 and 33 of the Texas Civil Practice and Remedies Code, including (without limitation) the requirement of §33.003 thereof that the trier of fact determine the relative responsibility of each plaintiff, defendant, settling person, and responsible third-party that may be designated in the suit. Defendant specifically reserves any actions for contribution or indemnity against such parties, persons and/or entities, and/or third-parties and reserves its rights under §§33.001 *et. seq.* of the Texas Civil Practice and Remedies Code.

60. Regardless of any negligence of Defendant, which Defendant expressly denies, new and independent causes intervened which severed any causal relationship between any alleged act or omission of Defendant, Black Bird Ranch, The Bonaparte Family Living Trust, and/or Patricia Bonaparte and the damages allegedly sustained by Plaintiffs.

61. The damages, if any, recoverable by Plaintiffs must be limited to a market valuation of the value of Plaintiffs' horses at the time their damages were sustained.

62. Defendant is entitled to an offset or credits for any settlements or other amounts received by Plaintiffs from any source whatsoever related to the damages at issue in this suit pursuant to the Texas Civil Practice & Remedies Code and other applicable state law. Defendant is entitled to an offset equal to the sum of the dollar amount of all settlements. *See* Tex. Civ. Prac. & Rem. Code §33.012.

## C.
## PRAYER

For these reasons, Defendant Frank Bonaparte asks the Court to enter judgment that Plaintiffs Kathryn Sneed and Sneed Equestrian Estates, LLC take nothing from Defendant, dismiss Plaintiffs' complaint with prejudice, assess costs against Plaintiffs, and award Defendant all other relief the Court deems appropriate.

Respectfully submitted,

**GLAST, PHILLIPS & MURRAY, P.C**.


By:   /s/ James C. Erdle, Jr.
       James C. Erdle, Jr.
       State Bar No. 24069680

Glast, Phillips & Murray, P.C.
14801 Quorum Drive, Suite 500
Dallas, TX 75254-1449
972.419.8300
972.419.8329 facsimile
jerdle@gpm-law.com

ATTORNEY IN CHARGE FOR
DEFENDANT FRANK BONAPARTE

Of Counsel:
Joseph D. Zopolsky
State Bar No. 24033500
Glast, Phillips & Murray, P.C.
14801 Quorum Drive, Suite 500
Dallas, TX 75254-1449
972.419.8300
972.419.8329 facsimile
jzopolsky@gpm-law.com

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document was served upon all counsel of record in the above-captioned cause, pursuant to FED. R. CIV. P. 5(b)(2)(E) on November 20, 2023 by:

Hand Delivery:                               _____
Electronic Service/Email:         XX
Fax Transmittal:                          _____

                                                   /s/ James C. Erdle, Jr.
                                                   James C. Erdle, Jr.