# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| KATHRYN SNEED and SNEED EQUESTRIAN ESTATES, LLC, § § § *Plaintiffs*, § § v. § § JEFFREY GIBBS, CALLI ROUSE, § GIBBS SHOW HORSES, CALLI ROUSE § SHOW HORSES, BLACK BIRD § RANCH, THE BONAPARTE FAMILY § LIVING TRUST, FRANK BONAPARTE, § PATRICIA BONAPARTE, FRANK § BONAPARTE IN HIS CAPACITY AS § CO-TRUSTEE OF THE BONAPARTE § FAMILY LIVING TRUST, PATRICIA § BONAPARTE IN HER CAPACITY AS § CO-TRUSTEE OF THE BONAPARTE § FAMILY LIVING TRUST, JUSTIN § SCHMIDT, JEANNIE SCHMIDT, HAILO § INVESTMENTS, LLC, DR. CAMERON § STOUDT DONNELL, and EQUINE § SPORTS MEDICINE AND § REHABILITATION, § § *Defendants*. § | Civil Action No. 4:23-CV-00871 Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant The Black Bird Ranch's Motion to Dismiss for Failure to State a Claim (Dkt. #20). Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **GRANTED.**

Also pending before the Court is Defendant The Bonaparte Family Living Trust's Motion to Dismiss for Failure to State a Claim (Dkt. #21). Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **GRANTED.**

## BACKGROUND

This lawsuit arises from incidents occurring from approximately June, 2022 to August, 2023 (Dkt. #1). During this time, Plaintiff Dr. Kathryn Sneed ("Sneed"), the owner of Sneed Equestrian Estates, LLC ("Sneed Equestrian Estates"), entered into agreements with Jeffrey Gibbs ("Gibbs"), Calli Rouse ("Rouse"), Gibbs Show Horses, and Calli Rouse Show Horses (collectively, "the Gibbs Defendants") for the care and training of her horses in Texas (Dkt. #1 ¶ 18). Plaintiff Sneed is an individual citizen and resident of Shelby County, Tennessee (Dkt. #1 ¶ 6). Plaintiff Sneed Equestrian Estates is a Tennessee limited liability company, with a principal place of business is Shelby County, Tennessee (Dkt. #1 ¶ 7). Defendant Gibbs is a resident and citizen of Texas (Dkt. #1 ¶ 8). Defendant Rouse is a resident and citizen of Texas (Dkt. #1 ¶ 9). Defendants Gibbs Show Horses and Calli Rouse Show Horses are Texas businesses owned by Gibbs and Rouse, respectively (Dkt. #1 ¶¶ 10–11).

Sneed filed her complaint with respect to the housing and treatment of five of her horses: Bank of the Best ("Cash"), PartyLikeYouMeanIt ("Faith"), Avante Garde ("Ava"), Mighty Hot Gal ("Bella"), and A Sudden Wonder ("Sudden") (collectively, the "Horses") (Dkt. #1 ¶ 2). On or about December 9, 2022, the Gibbs Defendants transported the Horses to the Black Bird Ranch (the "Ranch") (Dkt. #1 ¶ 23). The Ranch is an equestrian facility located in Denton County, Texas (Dkt. #1 ¶ 12). The Bonaparte Family Living Trust (the "Trust"), under the control of Frank Bonaparte and Patricia Bonaparte, owns and operates the Ranch (Dkt. #1 ¶ 23). Frank Bonaparte and Patricia Bonaparte (collectively, the "Bonaparte Individual Defendants") are individual citizens and residents of Texas (Dkt. #1 ¶¶ 14–15). The Trust is a Texas trust (Dkt. #1 ¶ 13).

Plaintiffs allege that the Horses suffered from a plethora of illnesses and injuries while at the Ranch (Dkt. #1 ¶¶ 23–39). These ailments included exposure to strangles (a highly contagious disease of the equine upper respiratory tract), bone chips, and spurs (Dkt. #1 ¶¶ 23–39). Additionally, the alleged mistreatment resulted in the euthanasia of Ava after she suffered a dislocated cervical spinal vertebra (Dkt. #1 ¶¶ 23–39).

On September 29, 2023, Plaintiffs Sneed and Sneed Equestrian Estates (collectively, "Plaintiffs"), filed their Original Complaint (Dkt. #1). Plaintiffs alleged causes of action for: (1) breach of contract (against the Gibbs Defendants); (2) negligence resulting in injury to Sneed's horses (against all defendants); and (3) gross negligence including animal abuse and injury to Sneed's horses (against the Gibbs Defendants) (Dkt. #1 ¶¶ 40–55).

On November 20, 2023, the Trust filed its Motion to Dismiss requesting the Court find a Texas trust lacks the capacity to be sued under Texas law (Dkt. #21). Additionally, on November 20, 2023, the Ranch filed its Motion to Dismiss requesting that the Court find the Ranch lacks the capacity to be sued (Dkt. #20). On December 19, 2023, Plaintiffs responded to both motions (Dkt. #41; Dkt. #42).

On April 24, 2024, Plaintiffs filed their First Amended Complaint (Dkt. #57).[1] In their First Amended Complaint, Plaintiffs added as defendants Frank Bonaparte and Patricia Bonaparte in their legal capacity as co-trustees of the Trust (collectively, the "Bonaparte Trustee Defendants") (Dkt. #57 at p. 1).

---

[1] The Court recognizes that a previously filed motion to dismiss would ordinarily be rendered moot once an amended complaint is filed. However, in this case, the Court finds that issue of capacity to sue the Trust and Ranch still appears on the face of the First Amended Complaint and, therefore, the motions (Dkt. #20; Dkt. #21) are not moot.

**LEGAL STANDARD**

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and

disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

## ANALYSIS

Here, the Plaintiffs have satisfied the requisite pleading standard by including a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Plaintiffs have included concise causes of actions, with all the necessary elements pleaded, and a Prayer for Relief within their First Amended Complaint. Additionally, Plaintiffs plead "factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Kay*, 577 F.3d at 603 (quoting *Iqbal*, 556 U.S. at 678). Enough factual allegations have been produced regarding the ailments suffered by Sneed's horses while under the care of the Defendants to "raise a right to relief above the speculative level" and have created an "expectation that discovery will reveal evidence of the of the necessary claims or elements." *Twombly*, 550 U.S at 555; *Morgan*, 335 F. App'x at 470. The Court finds that the Plaintiffs include sufficient facts in their First Amended Complaint, which the Court must consider to be true, to state a claim that is

5

plausible on its face. *Iqbal*, 556 U.S. at 679 (quoting *Twombly*, 550 U.S. at 570). Therefore, Plaintiffs' First Amended Complaint has satisfied the necessary elements to state a claim upon which relief may be granted and survive a 12(b)(6) motion to dismiss (Dkt. #1).

Despite Plaintiffs satisfying the requisite pleading standard for their causes of action, the crux of these motions deals with something else: the capacity for both the Trust and the Ranch to be sued. Rule 12(b) does not expressly authorize the dismissal of claim based upon a lack capacity to be sued, but courts in the Fifth Circuit have permitted Rule 12(b) motions arguing lack of capacity. *Doe v. Mckesson*, 945 F.3d 818, 824 n.2 (5th Cir. 2019), *rev'd on other grounds*, 592 U.S. 1 (2020). In addition, when the issue of capacity to be sued "appears on the face of the complaint, other courts have done the same and treated it as a Rule 12(b)(6) motion." *Id.* Since the issue of capacity appears on the face of the First Amended Complaint, the Court will apply the Rule 12(b)(6) standard to the issue of capacity to be sued.

The Court now considers if the Trust and the Ranch have the capacity to be sued. Federal Rule of Civil Procedure 17 governs the capacity for an entity to sue or be sued. FED. R. CIV. P. 17(b). Rule 17(b) states that the law of the state where the party is domiciled (for individuals), the party is incorporated (for corporations), or the court is located (for all other parties) determines the capacity for an entity to sue or be sued. *Id.* Because neither the Trust nor the Ranch is an individual or corporation, the capacity for both parties to be sued will be determined under Texas law, the law of the state where the Court is located. FED. R. CIV. P. 17(b)(3).

The Court finds the Trust does not have capacity to be sued under Texas law. Texas law holds that the "general rule in Texas . . . has long been that suits against a trust must be brought against its legal representative[s], the trustee[s]." *Ray Malooly Tr. v. Juhl*, 186 S.W.3d 568, 570

(Tex. 2006). The Texas Supreme Court has noted that the term "trust" does not refer to a separate legal entity, but rather to a fiduciary relationship governing the trustee with respect to the trust property. *Id.* (quoting *Huie v. DeShazo*, 922 S.W.2d 920, 926 (Tex. 1996)). Under Texas law, suits must be brought against a trust's legal representatives and cannot be brought "against the trust itself as a separate legal entity." *RPV, Ltd. v. Netsphere, Inc.*, 771 F. App'x 532, 535 (5th. Cir. 2019) (quoting *In re Bradley*, 501 F.3d 421, 433 (5th Cir. 2007)); *In re Ashton*, 266 S.W.3d 602, 604 (Tex. App.—Dallas 2008, no pet.) ("Well-settled law requires a suit against a trust be brought against its legal representative, the trustee."). The Court therefore finds that the Bonaparte Trustee Defendants, rather than the Trust, are the proper parties against whom to bring an action against the Trust.

As to the capacity to be sued of the Ranch, the Court finds it also does not have capacity to be sued under Texas law. The Ranch is wholly owned by the Trust and operates as a sole proprietorship (Dkt. #20 at p. 3). The Ranch asserts that it is not an individual nor an entity under the laws of any jurisdiction and lacks the procedural capacity to be sued because it is not a separate legal entity from the Trust (Dkt. #20 at pp. 3–5). The Ranch further argues that because the Trust may not be sued under Texas law, the same applies to the Ranch (Dkt. #20 at p. 4). "[T]here is no legal distinction between the sole proprietor and the sole proprietorship under Texas law." *Plastronics Socket Partners, Ltd. v. Dong Weon Hwang*, No. 2:18-cv-00014-JRG-RSP, 2019 WL 4392526, at *3 (E.D. Tex. June 17, 2019) (quoting *CU Lloyd's of Tex. v. Hatfield*, 126 S.W.3d 679, 686 (Tex. App.—Houston [14th Dist.] 2004, pet. denied)), *report and recommendation adopted*, No. 2:18-CV-00014-JRG-RSP, 2019 WL 2865079 (E.D. Tex. July 3, 2019). Because the Ranch (the sole proprietorship) is legally indistinguishable from the Trust (the sole proprietor), the Court finds it

maintains the same capacity to be sued as the Trust. Thus, the Court finds that because the Trust lacks capacity to be sued under Texas law, the Ranch also lacks capacity to be sued.

Plaintiffs argue in their response that the Defendants' "capacity arguments would find a more appropriate avenue for dismissal via a motion challenging jurisdiction under Rule 12(b)(2)" (Dkt. #41 at p. 3). Federal Rule of Civil Procedure 12(b)(2) requires a court to dismiss a claim if the court does not have personal jurisdiction over the defendant. FED. R. CIV. P. 12(b)(2). The Court does not find Plaintiffs' argument availing. As previously noted, because the facts and issues applicable to capacity to be sued appear on the face of the First Amended Complaint, the Court will apply the Rule 12(b)(6) standard to the issue of capacity to be sued. *See Mckesson*, 945 F.3d at 824 n.2.

In Plaintiffs' response to the Trust's motion, they argue that bringing suit against the Trust is proper because the Trust is the real party to the suit. Plaintiffs cite three cases to support this proposition: (1) *Shastry v. U.S. Bank Nat'l Ass'n*, No. 3:16-cv-3335-G-BN, 2017 WL 1102807 (N.D. Tex. Mar. 2, 2017); (2) *Rodriguez v. Deutsche Bank Nat'l Tr. Co.*, No. H–16–1597, 2017 WL 371141 (S.D. Tex. Jan. 26, 2017); and (3) *Guillen v. Countrywide Home Loans, Inc.*, No. H–15–849, 2016 WL 7103908 (S.D. Tex. Dec. 6, 2016) (Dkt. #42 at p. 4 (citing cases)). All three cases cited by Plaintiffs revolve around a different matter: citizenship of trusts versus trustees for purposes of determining diversity jurisdiction. Not only that, two of the three cases cited by Plaintiffs directly address and agree with the Court's determination that a Trust must be sued through its trustees. *Shastry*, 2017 WL 1102807, at *3 (quoting *In re Ashton*, 266 S.W.3d at 604 ("[F]or relief to be granted against a trust, the trust—through its trustee—must be made a party to the action.")); *Guillen*, 2016 WL 7103908, at *5 ("Under Texas law, however, naming a trustee of a trust in a

8

pleading brings the trust into the suit. . . . While in some jurisdictions trusts have a separate legal existence, Texas is not one of those.") (cleaned up).

Lastly, Plaintiffs request leave to amend their Complaint to name the Bonaparte Trustee Defendants to the suit (Dkt. #42 at p. 5). This request is moot, as the Court has already granted leave to do so (Dkt. #57).

## CONCLUSION

In Texas, a trust lacks the capacity to sue or be sued. *Ray Malooly Tr.*, 186 S.W.3d at 570. A claim against a trust must be brought against its trustees. *Id*. Therefore, the Court finds that the Trust lacks the capacity to be sued under Texas law. *Id*. Additionally, the Court finds that the Ranch, as a sole proprietorship, has the same legal capacity as the Trust, the sole proprietor. *Plastronics Socket Partners*, 2019 WL 4392526, at *3. For this reason, the Court finds that the Ranch lack the capacity to be sued, since it has the same legal capacity as the Trust.

It is therefore **ORDERED** that Defendant The Black Bird Ranch's Motion to Dismiss for Failure to State a Claim (Dkt. #20) is hereby **GRANTED** and Defendant Black Bird Ranch is **DISMISSED.**

It is also **ORDERED** that Defendant The Bonaparte Family Living Trust's Motion to Dismiss for Failure to State a Claim (Dkt. #21) is hereby **GRANTED** and Defendant The Bonaparte Family Living Trust is **DISMISSED.**

**IT IS SO ORDERED.**

**SIGNED this 16th day of August, 2024.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE