# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| KATHRYN SNEED and SNEED EQUESTRIAN ESTATES, LLC, § § § *Plaintiffs*, § § v. § § JEFFREY GIBBS, CALLI ROUSE, § GIBBS SHOW HORSES, CALLI ROUSE § SHOW HORSES, FRANK BONAPARTE, § FRANK BONAPARTE IN HIS § CAPACITY AS CO-TRUSTEE OF THE § BONAPARTE FAMILY LIVING TRUST, § PATRICIA BONAPARTE, PATRICIA § BONAPARTE IN HER CAPACITY AS § CO-TRUSTEE OF THE BONAPARTE § FAMILY LIVING TRUST, JUSTIN § SCHMIDT, JEANNIE SCHMIDT, § HAILO INVESTMENTS, LLC, DR. § CAMERON STOUDT DONNELL, § EQUINE SPORTS MEDICINE AND § REHABILITATION, DR. DALTON § PATE, and MID-SOUTH EQUINE § SPORTS MEDICINE & SURGERY § § *Defendants.* § | Civil Action No. 4:23-cv-871 Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are several motions:

- Defendants Cameron Stoudt Donnell, D.V.M., and Equine Sports Medicine's Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56 (Dkt. #123).

- Defendants Mid-South Equine Sports Rehabilitation and Dr. Dalton Pate's Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56 (Dkt. #145);

- Defendants Justin Schmidt, Jeannie Schmidt, and Hailo Investments, LLC's Motion for Summary Judgment (Dkt. #146); and

- The Hailo Defendants' Corrected Motion Re-urging and Supplementing Defendants' Motion to Exclude Expert Testimony (DOC 141) and Defendants' Motion for Summary Judgment (DOC 146) (the "Motion to Re-urge") (Dkt. #169).

Having considered the Motions and the relevant pleadings, the Court finds that the Motions for Summary Judgment should be **GRANTED**, and the Motion to Re-urge should be **DENIED as moot**.

## BACKGROUND

This is a negligence and veterinary malpractice case. The facts of the case are more thoroughly set forth in the Court's January 12, 2026 Memorandum Opinion and Order (the "Memorandum Order"). An abbreviated summary follows.

Plaintiffs Dr. Kathryn Sneed ("Dr. Sneed")[1] and her company, Sneed Equestrian Estates, LLC, filed suit against several groups of defendants seeking recovery for the injury or death of five show horses. Three out of the five groups of defendants in the case filed motions for summary judgment (Dkt. #123; Dkt. #145; Dkt. #146).

On July 17, 2025, Defendants Cameron Stoudt Donnell, D.V.M. ("Dr. Stoudt"), and Mendota Equine Sports Medicine, PLLC d/b/a Equine Sports Medicine[2] ("ESM" and together with Dr. Stoudt, the "Stoudt Defendants") moved for summary judgment (Dkt. #123). The Court allowed Plaintiffs to file a late response, which they filed on August 25, 2025 (Dkt. #132). The Stoudt Defendants filed a reply, and Plaintiffs filed a sur-reply (Dkt. #137; Dkt. #148). The reply

---

[1] The operative complaint identifies Plaintiff Kathryn Sneed without using the "Dr." title (*See, e.g.*, Dkt. 94 at p. 3). But Sneed Equestrian Estates, LLC's Corporate Disclosure Statement (Dkt. #168) identifies her as "Dr. Kathryn Sneed," so the Court does the same.

[2] In its Rule 7.1(a)(2) Disclosure Statement (Dkt. #164), Mendota Equine Sports Medicine, PLLC alleges it was erroneously identified as Equine Sports Medicine and Rehabilitation in Plaintiffs' complaint.

included objections to the evidence attached to Plaintiffs' response (Dkt. #137-1). The Stoudt Defendants filed supplemental objections to Plaintiffs' sur-reply (Dkt. #140).

On September 15, 2025, Defendants Mid-South Equine Sports Medicine and Rehabilitation and Dr. Dalton Pate ("Dr. Pate") (collectively "Mid-South Defendants"), moved for summary judgment (Dkt. #145). Plaintiffs responded, and the Mid-South Defendants replied (Dkt. #150; Dkt. #153). Plaintiffs then filed a sur-reply (Dkt. #154).

On September 15, 2025, Defendants Justin Schmidt, Jeannie Schmidt, and Hailo Investments, LLC (collectively the "Hailo Defendants") moved for summary judgment (Dkt. #146). Plaintiffs responded, and the Hailo Defendants replied (Dkt. #151; Dkt. #152).

Each Motion for Summary Judgment attaches, among other evidence, testimony from licensed veterinarians. Reese Hand, DVM, claims that Dr. Stoudt met or exceeded the veterinary standard of care (Dkt. #123-12 at p. 2). He also claims that, based on the incubation period and the timing of the symptoms, Plaintiffs' horses were not exposed to strangles[3] during their stay in the property owned by the Hailo Defendants (Dkt. #146-4 at p. 4). The Mid-South Defendants provide the testimony of Bruce Lyle, DVM, who claims that Dr. Pate also met or exceeded the veterinary standard of care (Dkt. #145-4).

When responding to the Motions for Summary Judgment, Plaintiffs requested more time for discovery and quoted their expert disclosures (Dkt. #132 at pp. 12, 16–17; Dkt. #150 at pp. 7, 10–11; Dkt. #151 at pp. 5, 7–8).[4]

---

[3] *Streptococcus equi*, referred to as "strangles," is a bacterial infection that affects horses of all ages (Dkt. #146-4).

[4] Plaintiffs did not attach their expert disclosures as a separate document as required by Local Rule CV-5(a)(6). Additionally, Plaintiffs responses to two of the Motions for Summary Judgment fail to include a response to the movants' statement of material facts (Dkt. #150; Dkt. #151), violating Local Rule CV-56(b). Given that the Motions for Summary Judgment will be granted, the Court need not address these violations further.

The Hailo Defendants, and another group of Defendants not addressed here, moved to exclude Plaintiffs' non-retained experts because Plaintiffs' expert disclosures failed to provide a summary of facts and opinions (Dkt. #141; Dkt. #142). Plaintiffs did not respond to the Hailo Defendants' motion to exclude.

On January 12, 2026, the Court issued its Memorandum Opinion and Order (Dkt. #163) (the "Memorandum Order"). The Court found that Plaintiffs' expert disclosures violated Rule 26 because they provided general topics of testimony rather than the experts' opinions (Dkt. #163 at pp. 13, 14). Despite the fact that Plaintiffs filed no response and violated Rule 26, the Court denied the motions to exclude without prejudice, giving Plaintiffs an opportunity to amend their disclosures instead of excluding Plaintiffs' experts (Dkt. #163 at pp. 13, 15). In its decision to deny the motions to exclude, the Court gave significant weight to the importance of expert testimony in the case given the pending Motions for Summary Judgment. The Memorandum Order strongly advised Plaintiffs "to amend or supplement their responses [to the Motions for Summary Judgment] if discovery enables them to meaningfully respond" (Dkt. #163 at p. 12). Otherwise, the Court explained, it would "take up the motions for summary judgment as currently briefed" (Dkt. #163 at p. 12). The Memorandum Order also required Plaintiffs to file a notice of compliance with the Court by January 26, 2026 (Dkt. #163).[5] Plaintiffs did not comply.

---

[5] On January 26, 2026, a disclosure statement providing the citizenship of Plaintiff Sneed Equestrian Estates, LLC, was also due (Dkt. #162). Plaintiffs did not comply. On its own accord, the Court extended the deadline (Dkt. #166). The LLC has now filed its disclosure statement (Dkt. #168). It states that the LLC's "sole managing member is Dr. Kathryn Sneed," a citizen of Tennessee (Dkt. #168). The disclosure statement leaves ambiguous whether *all* of the LLC's members have been identified. *See, e.g.*, *Forsyth Bus. Ctr. LLC v. Westchester Surplus Lines Ins. Co.*, No. 6:24-CV-28-JA-DCI, 2024 WL 580135, at *1–2 (M.D. Fla. Feb. 13, 2024) (ordering amended disclosure statement because "Plaintiff is required to identify all its members, not just its 'sole Managing-Member.'"). Plaintiffs must remedy this deficiency no later than **February 17, 2026**.

On February 6, 2026, the Hailo Defendants filed their Motion to Re-urge (Dkt. #169). They represent that, since the issuance of the Memorandum Order, Plaintiffs have not filed any amended expert disclosures or served any other expert discovery. The Hailo Defendants therefore ask the Court to take up their motion for summary judgment and revisit the unopposed motion to exclude that it denied without prejudice. The response is not yet due, but none is needed.

This case has been pending since 2023, and the individual Hailo Defendants were included in the lawsuit from the start (Dkt. #1). Several months have passed since Plaintiffs requested more time for discovery in response to the Motions for Summary Judgment. Despite the Court extending the discovery period to February 27, 2026—and giving Plaintiffs the opportunity to amend their summary judgment responses and deficient expert disclosures—Plaintiffs failed to comply with several Court orders (Dkt. #162; Dkt. #163).

Given that Plaintiffs have not taken advantage of the Court's extensions so far, the Court sees no reason for further delay. Thus, the Court now resolves the Motions for Summary Judgment as currently briefed.

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is proper under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Substantive law identifies which facts are material. *Id.* The trial court "must

resolve all reasonable doubts in favor of the party opposing the motion [for summary judgment]." *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981).

The party seeking summary judgment bears the initial burden of informing the court of its motion and identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact. FED. R. CIV. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323. If the movant bears the burden of proof on a claim or defense for which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge the burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49). A nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs or legal memoranda will not suffice to carry this burden. *See Solomon v. Hous. Corrugated Box Co.*, 526 F.2d 389, 396–97 (5th Cir. 1976). Rather, the Court requires "significant probative evidence" from the nonmovant to dismiss a request for summary judgment. *In re Mun. Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1982) (quoting *Ferguson v. Nat'l Broad. Co.*, 584 F.2d 111, 114 (5th Cir. 1978)). The Court must consider all of the

evidence but "refrain from making credibility determinations or weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

Although each Motion for Summary Judgment raises numerous grounds that Plaintiffs fail to adequately address, the Court need only address one: the absence of expert testimony.

To start, even assuming Plaintiffs' expert disclosures are competent summary judgment evidence, the Court will not consider them because Plaintiffs failed to comply with the Court's Memorandum Order which allowed Plaintiffs to amend the disclosures to comply with Rule 26.[6]

The Stoudt Defendants, the Mid-South Defendants, and the Hailo Defendants (collectively, "Defendants") each argue that no genuine issue of material fact exists because Plaintiffs failed to provide expert testimony addressing several dispositive issues. The Court agrees.

Under Texas law, a veterinary malpractice claim requires "expert testimony . . . from a member of the veterinary medical profession with education, skill and experience similar to those of the defendant." *Simpson v. Baronne Veterinary Clinic, Inc.*, 803 F. Supp. 2d 602, 607 (S.D. Tex. 2011) (citing *Downing v. Gully*, 915 S.W.2d 181, 185–86 (Tex. App.—Fort Worth, 1996, writ denied)); *accord McGee v. Smith*, 107 S.W.3d 725, 727 (Tex. App.—Fort Worth 2003, pet. denied).

Although there could be an exception to this general rule in a case where "the form or mode of treatment is a matter of common knowledge, or the matter is within the experience of a layperson," *Smith*, 107 S.W.3d at 727 (citation omitted), the Court sees no reason to hold that this is one of those cases. Nor do Plaintiffs argue that an exception applies. Instead, Plaintiffs dispute

---

[6] All of Plaintiffs' non-retained expert opinions are excluded from the case, with two exceptions: Dr. Kevin Claunch's opinion that "Ava's injury could only have been caused by 1) running into a fixed object with the head down; 2) a rotational fall; 3) by flipping over" (Dkt. #141-1 at p. 6), and Charles S. North's opinions regarding reasonable and necessary attorney's fees (Dkt. #141-1 at p. 5).

7

that expert testimony is required in veterinary malpractice cases, relying on *Pruitt v. Box*, 984 S.W. 2d 709, 711 (Tex. App.—El Paso 1998, no pet.). In dicta, the *Pruitt* court expressed skepticism that the same standard of care governs veterinary and medical malpractice. *Id.* But, in that case, the court reviewed a grant of summary judgment "decided by a battle of expert affidavits." *Id.* at 710. Because *Pruitt* had competing expert testimony from veterinarians, it is inapposite here. To resolve the Motions for Summary Judgment, the Court need not decide if veterinary and medical malpractice have the same standard of care, but whether expert testimony is required here. It is. Given the multiple potential sources of harm to Plaintiffs' horses—including alleged abuse and illness that pre-dated Dr. Stoudt[7] and Dr. Pate's treatment—a finding of breach and causation would require experience beyond that of a layperson. The Stoudt Defendants and the Mid-South Defendants are therefore entitled to summary judgment.

The Declaration of Kathryn Sneed (Dkt. #132-1), attached in response only to the Stoudt Defendants' Motion for Summary Judgment, is insufficient to avoid this result. As the Court advised in its Memorandum Order, "as a general rule, the admissibility of evidence on a motion for summary judgment is subject to the same rules that govern the admissibility of evidence at trial" (Dkt. #163 at p. 12 (citation modified)). "This means that . . . the evidentiary requirements for expert testimony . . . apply to any evidence Plaintiffs seek to use to demonstrate the existence of a genuine issue of material fact" (Dkt. #163 at p. 12). The Declaration plainly does not satisfy Federal Rule of Evidence 702's evidentiary requirements.

---

[7] Dr. Stoudt submitted an affidavit with her Motion for Summary Judgment, which states that prior to providing emergency treatment to one of Plaintiffs' horses on August 10, 2023, she never treated any of Plaintiffs' horses (Dkt. #123-10 at p. 5). Plaintiffs failed to controvert her affidavit with competent evidence.

The *Smith* case is instructive. There, to prove that a foal died from malnourishment, the plaintiff relied on his own testimony and that of his father-in-law. *Smith*, 107 S.W.3d at 727. "Although both men had been involved in the horse industry for many years, neither was qualified in veterinary medicine." *Id*. The only experts in the case testified in favor of the defendant veterinarian on issues of breach and causation. *Id*. at 727–28. Because the plaintiff failed to introduce controverting expert testimony, the *Smith* court reversed the district court's denial of judgment as a matter of law and rendered judgment for the veterinarian. *Id*. Here, the Court does not doubt that Dr. Sneed has significant experience training and caring for her horses, but that is not legally sufficient to controvert testimony from licensed veterinarians on breach and causation.

The Hailo Defendants are also entitled to summary judgment. Although the negligence claim against them is not based on a veterinary malpractice theory, their motion for summary judgment implicates veterinary medicine. According to their expert, the incubation period for strangles and the timing of the horses' symptoms indicate that the horses could not have been exposed to strangles during their stay at the Hailo Defendants' property (Dkt. #146-4 at p. 4). Plaintiffs offered no evidence to controvert his testimony. Accordingly, the Hailo Defendants are entitled to summary judgment.

In sum, no genuine issue of material fact exists as to Defendants' liability. As a result, summary judgment will be granted.

## CONCLUSION

It is therefore **ORDERED** that Defendants Cameron Stoudt Donnell, D.V.M., and Equine Sports Medicine's Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56 (Dkt. #123), Mid-South Equine Sports Rehabilitation and Dr. Dalton Pate's Motion for Summary Judgment

Pursuant to Fed. R. Civ. P. 56 (Dkt. #145), and Defendants Justin Schmidt, Jeannie Schmidt, and Hailo Investments, LLC's Motion for Summary Judgment (Dkt. #146) are hereby **GRANTED**.

It is further **ORDERED** that all claims against Defendants Cameron Stoudt Donnell, D.V.M., Equine Sports Medicine and Rehabilitation, Mid-South Equine Sports Rehabilitation, Dr. Dalton Pate, Justin Schmidt, Jeannie Schmidt, and Hailo Investments, LLC are **DISMISSED with prejudice**.

It is further **ORDERED** that the Hailo Defendants' Corrected Motion Re-urging and Supplementing Defendants' Motion to Exclude Expert Testimony (DOC 141) and Defendants' Motion for Summary Judgment (DOC 146) (Dkt. #169) is **DENIED as moot**.

It is further **ORDERED** that Plaintiff Sneed Equestrian Estates, LLC must file an Amended Corporate Disclosure Statement identifying all of its members, whether managing or non-managing, no later than **February 17, 2026**.

IT IS SO ORDERED.

SIGNED this 11th day of February, 2026.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE